*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 10b0006n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: LEVEL PROPANE GASES, INC. et al., )<br>)<br>Debtors. )<br>————————————————— )<br>)<br>)<br>MAXUS CAPITAL GROUP, LLC, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>MARK UHRICH, Plan Administrator )<br>of the Consolidated Estate of )<br>Level Propane Gases, Inc., )<br>)<br>Appellee. )<br>————————————————— ) | No. 09-8047 |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 02-16172

Argued: February 2, 2010

Decided and Filed: April 2, 2010

Before: FULTON, McIVOR, and RHODES, Bankruptcy Appellate Panel Judges.
_____

**COUNSEL**

**ARGUED:** Kenneth J. Laino, SCHNEIDER SMELTZ RANNEY & LAFOND PLL, Cleveland, Ohio, for Appellant. Mark A. Phillips, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Cleveland, Ohio, for Appellee. **ON BRIEF:** Kenneth J. Laino, SCHNEIDER SMELTZ RANNEY & LAFOND PLL, Cleveland, Ohio, for Appellant. Mark A. Phillips, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Cleveland, Ohio, for Appellee.

---

**OPINION**

---

MARCI B. McIVOR, Bankruptcy Appellate Panel Judge. Maxus Capital Group, LLC ("Appellant"), a pre-petition equipment lessor and creditor of Level Propane and its affiliates ("Debtors"), appeals an order of the bankruptcy court granting the Plan Administrator's motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failing to state a claim for revocation of the confirmation order under 11 U.S.C. § 1144. The Appellant also appeals the bankruptcy court's finding that its complaint was barred by the doctrines of finality, res judicata, and laches. For the reasons stated in this opinion, the Panel concludes that the bankruptcy court did not err in granting the Plan Administrator's motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Panel further finds that the bankruptcy court did not err in concluding that the Appellant was barred from prosecuting an action based on 11 U.S.C. § 1144, under the doctrines of finality, res judicata, and laches.

## I. JURISDICTION AND STANDARD OF REVIEW

Before addressing the substance of the issues on appeal, it is important to discuss the issue of standing. Although the issue of standing was not raised by either party as an issue in this appeal, it is appropriate for this Panel to consider questions of standing *sua sponte. S.E.C. v. Basic Energy & Affiliated Res., Inc*., 273 F.3d 657, 665 (6th Cir. 2001). As an appellate court, the issue of standing may be considered sua sponte because "[s]tanding is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case." *Harker v. Troutman (In re Troutman Enters., Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002). The Appellate standing requirement in bankruptcy cases "'is more limited than Article III standing or the prudential requirements associated'" with federal standing generally. *Moran v. LTV Steel Co., Inc. (In re LTV Steel Co., Inc.)*, 560 F.3d 449, 453 (6th Cir. 2009) (citations omitted). As this Panel explained in its most recent opinion involving the Debtors:

> In order to have standing to appeal a bankruptcy court order, an appellant must have been "directly and adversely affected pecuniarily by the order." Derived from the now-repealed Bankruptcy Act of 1898, "[t]his principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order." Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights. *Travelers Cas. & Sur. v. Corbin* (*In re First Cincinnati, Inc.*), 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) (citations omitted).
>
> Generally, bankruptcy jurisdiction is not conferred for the convenience of those not in bankruptcy. *In re Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 (3rd Cir.1984), *rev'd on other grounds*, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Unless the parties involved are the debtor and the creditors, or the bankruptcy court has "related to" jurisdiction over certain parties, the bankruptcy court has no jurisdiction to enter orders pertaining to parties who are not related to the bankruptcy action. *In re Dow Corning Corp*., 255 B.R. 445, 476 (E.D. Mich. 2000).

*Ohio Truck & Trailer v. Level Propane Gases, Inc. (In re Level Propane Gases, Inc.)*, 422 B.R. 93, 96-97 (B.A.P. 6th Cir. 2010).

Prior to oral argument, the Panel entered an order to show cause requesting that the Appellant show cause why its appeal should not be dismissed for lack of standing.[1] The Appellant filed a timely response.

The Panel concludes that the Appellant properly filed a proof of claim that has not been disallowed, giving it a financial stake in the bankruptcy court's confirmation order and standing to bring this appeal. In bankruptcy, a creditor bears the burden of establishing its claim. *See* Fed. R. Bankr. P. 3001(f). A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure is considered "prima facie evidence of the validity and amount of the claim" and is "deemed allowed" unless an objection is filed. Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(a). On August 14, 2008, the Appellant filed an unsecured deficiency claim (Claim # 265-1). No one has filed any objections to the Appellant's proof of claim. Moreover, the record before this Panel does

---

[1]The same order to show cause was also entered in case no. 09-8043, an appeal filed by Bill Wilhelm, and related to the Debtors' bankruptcy case.

not show that the Appellant has in any way waived or released its rights to assert a claim against the Debtors as part of settlement agreements entered into by the Appellant and approved by the court early in the bankruptcy case.[2] *See infra* Part III, (explanation of Global Settlement Orders). The Appellant is a creditor and therefore has standing to pursue this appeal.

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. §158(a)(1). For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. U.S.*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order dismissing an adversary complaint under Fed. R. Civ. P. 12(b)(6) is a final order. *Kaye v. Agripool, SRL (In re Murray, Inc.)*, 392 B.R. 288, 292 (B.A.P. 6th Cir. 2008).

The bankruptcy court's order dismissing the Appellant's complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), is reviewed de novo. "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Palmer v. Washington Mutual Bank (In re Ritchie)*, 416 B.R. 638, 641 (B.A.P. 6th Cir. 2009) (emphasis in original) (citing *General Elec. Credit Equities, Inc. v. Brice Rd. Devs., LLC (In re Brice Rd. Devs., LLC)*, 392 B.R. 274, 278 (B.A.P. 6th Cir. 2008). Under this standard, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief.*" Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is proper when "it appears beyond doubt that the plaintiff can prove no set of facts in

---

[2]The Panel distinguishes this from the appeal filed Bill Wilhelm, in case no. 09-8043, in which Wilhelm entered into a Settlement Agreement expressly *"*waiv[ing] any and all rights to assert any claim against, or otherwise seek a payment or distribution from the Debtors and the Debtors' estates." In addition, Bill Wilhelm did not to file a proof of claim in the Debtors' bankruptcy case.

support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561, 127 S. Ct. 1955, 1968 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). "[A] court is not required to accept as true unwarranted legal conclusions and/or factual allegations." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2007) (citation omitted).

Factual findings underlying the bankruptcy court's ruling are reviewed for clear error. *Mitan v. Duval (In re Mitan)*, 573 F.3d 237 (6th Cir. 2009). "A finding of fact is clearly erroneous 'when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.),* 486 F.3d 940, 944 (6th Cir. 2007) (citations omitted).

## II.  ISSUES ON APPEAL

The first issue on appeal is whether the bankruptcy court erred in concluding that allegedly new evidence submitted by the Appellant was insufficient to state a claim for fraud under 11 U.S.C. § 1144.  The second issue on appeal is whether the bankruptcy court erred in concluding that the Appellant was barred from seeking to revoke the confirmation order based on 11 U.S.C. § 1144, under the doctrines of finality, res judicata, and laches.

## III.  FACTS

Debtor, Level Propane, filed for bankruptcy on June 6, 2002.  The case has a long history and has generated numerous appeals.  The history of this case has been amply documented in other opinions, and it is unnecessary for this Panel to restate that history.  In this Panel's most recent opinion in case nos. 08-8100 and 08-8101, the Panel set forth facts that are also relevant to this appeal, namely:

This appeal arises from a bankruptcy case that is over seven years old, with over 3700 pleadings. The case began as an involuntary Chapter 7 bankruptcy petition on June 6, 2002. There were several debtors. On June 11, 2002, the bankruptcy court entered an "Agreed Order and Stipulation" which among other things, consolidated the cases and converted them to Chapter 11.

During the second year of the bankruptcy case, the former sole shareholder, William Maloof began to make allegations of fraud. Prof. Ray Warner was appointed as examiner on April 30, 2003. On June 6, 2003, the Examiner filed his report with the Court. After reviewing thousands of pages of documents and conducting 22 sworn and unsworn witness interviews, the Examiner concluded that the evidence did not support the allegations of misconduct on the part of debtors' attorneys, Benesch Friedlander Coplan & Aronoff (BFCA).

On July 2, 2003, the debtors' propane distribution business was sold as a going concern. On January 21, 2004, the debtors' parking lot business was sold as a going concern. Both sale orders were subsequently affirmed by the district court on appeal.

Between January 31, 2006 and February 2, 2008, Maloof made at least five attempts to get the key orders overturned based on his allegations of fraud. The bankruptcy court denied Maloof's motions, and those orders were affirmed on appeal.

*In re Level Propane Gases, Inc.*, 422 B.R. at 98.

On July 18, 2008, the bankruptcy court approved the Amended Disclosure Statement for the Joint Plan of Liquidation. The Appellant did not file an objection to the Disclosure Statement or appeal the bankruptcy court's order approving the Amended Disclosure Statement.

On October 9, 2008, the bankruptcy court entered an order confirming the Joint Plan of Liquidation ("Confirmation Order"). The Appellant did not file an objection to the confirmation of Debtors' plan.

On April 2, 2009, the Appellant filed a complaint to revoke the confirmation order under 11 U.S.C. § 1144 ("Complaint") (Adv. No. 09-01118). In the Complaint, the Appellant requested two forms of relief: (1) revocation of the Confirmation Order under 11 U.S.C. § 1144, and (2) a

declaration that certain orders entered by the bankruptcy court in 2003, were "null and void." Those orders included: (a) order approving the Global Settlement Agreement; (b) order approving the Settlement and Distribution Agreement; and (c) order approving the Settlement and Litigation Proceeds Sharing Agreement (referred to collectively as "Global Settlement Orders").

On May 4, 2009, the Plan Administrator, Mark Uhrich, filed a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). The Appellant opposed the Plan Administrator's motion to dismiss. The bankruptcy court conducted a hearing and on July 8, 2009, the court entered an opinion and judgment dismissing the Complaint under Fed. R. Civ. P. 12(b)(6). The bankruptcy court held that the Appellant was simply reiterating allegations made by Maloof, Debtor's former sole shareholder, in his objection to the Disclosure Statement and Amended Disclosure Statement, and other similar pleadings, and that these allegations had been duly considered by the court and found to be without merit.[3] The bankruptcy court also held that the relief sought by the Appellant was barred by the doctrine of laches, the doctrine of finality, and the binding provisions of the confirmed plan. Finally, to the extent the Appellant was seeking injunctive relief from the Global Settlement Orders, the court held that it had failed to plead the necessary elements for injunctive relief.

## IV. DISCUSSION

The Appellant filed its Complaint for revocation of an order of confirmation under 11 U.S.C. § 1144. The Appellant argues that it was error for the bankruptcy court not to consider potentially incriminating e-mails between some of Debtors' employees,[4] as sufficient to state a claim for revocation of the Confirmation Order under 11 U.S.C. § 1144. Section 1144 of the Bankruptcy Code provides that "[o]n request of a party in interest at any time before the 180 days after the date of the

---

[3]At the hearing on the Plan Administrator's Motion to Dismiss Appellant's Complaint, Appellant's counsel acknowledged that it had adopted Maloof's allegations.

[4]The e-mails which the Appellant claimed as evidence of fraud dated from 2001 through 2003 and were never authenticated by the Appellant.

entry of the order of confirmation, and after notice and a hearing, the court may revoke such order *if and only if such order was procured by fraud*." 11 U.S.C. § 1144 (emphasis added). Although § 1144 does not define the term "fraud," the Sixth Circuit in *Tenn-Fla Partners v. First Union Nat'l Bank of Florida*, has held that a party may prove fraud with circumstantial evidence by establishing the following elements:

(1) a representation [or intentional omission] by the [the plan proponent] regarding compliance with § 1129;

(2) which was materially false;

(3) that was either known by the debtor to be false, or was made without belief in its truth, or was made with reckless disregard for the truth;

(4) that was made to induce the court to rely upon it;

(5) that the court did rely upon; and

(6) that as a consequence of such reliance, the court entered a confirmation order.

*Tenn-Fla Partners v. First Union Nat'l Bank of Florida*, 229 B.R. 720, 730 (W.D. Tenn. 1999), *aff'd*, 226 F.3d 746, 750 (6th Cir. 2000). The party seeking to revoke an order of confirmation bears the burden of proof and must establish by a preponderance of the evidence that the order of confirmation was procured by fraud. *Id.* at 731. Moreover, § 1144 requires the movant to show that the fraud is *actual* fraud and was perpetrated *on the court*, and not on a creditor. *Id.* at 730.

Applying the legal standard in *Tenn-Fla Partners* to the record, the Panel concludes that the bankruptcy court did not err in granting the Plan Administrator's motion to dismiss, notwithstanding the e-mail "evidence." The Complaint filed by the Appellant goes into great detail describing e-mail exchanges between officers of Level Propane and others, from December 16, 2001 through October 10, 2003. The Appellant argues that the e-mails between Richard Anter, future president of Level Propane, and John Verbos, Chief Information Officer of Level Propane are direct evidence that

officers of the Debtors and other individuals deliberately undervalued the company's assets in the financial documents presented to the court throughout the bankruptcy proceedings.

Despite the detailed allegations of alleged fraudulent activity, the Complaint fails to set forth facts to support a finding that there were material representations or intentional omissions by the plan proponent, that the representations or omissions were relied on by the bankruptcy court, and that as a result of such reliance the court entered a confirmation order. The e-mail "evidence" submitted by the Appellant in support of its Complaint to revoke the Confirmation Order, is the same kind of alleged fraudulent activity that had been raised by Maloof, Debtor's principal shareholder, and rejected time and time again by the bankruptcy court itself, the district court, and the Sixth Circuit Court of Appeals.[5] The bankruptcy court specifically stated that the same allegations were known by the bankruptcy court and "considered on more than one occasion before and during the confirmation process." Since the bankruptcy court had already rejected the e-mails as evidence of fraud prior to entry of the Confirmation Order, the Appellant cannot demonstrate that the bankruptcy court erred in rejecting this same "evidence" as support for the Appellant's Complaint to revoke the Confirmation Order. The Appellant therefore fails to establish that the bankruptcy court was misled, or that the court relied on misrepresentations in entering the Confirmation Order. The Appellant provides no facts in support of its claim which would entitle it to relief. Applying a de novo standard of review, the Appellant's Complaint fails to state a claim under 11 U.S.C. § 1144. Accordingly, the bankruptcy court did not err in granting the Plan Administrator's motion to dismiss.

The Panel further concludes that given the Appellant's failure to challenge the court's prior orders, the court correctly found that the relief sought by the Appellant in its Complaint to revoke the Confirmation Order was barred by the doctrine of laches, the doctrine of finality, and the binding

---

[5]The Panel rejects Appellant's contention that the bankruptcy court could not consider its prior rejection of similar fraud claims raised by Maloof. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.") (citation omitted).

provisions of the confirmed plan. The law in the Sixth Circuit is that "[c]onfirmation of a plan of reorganization by the bankruptcy court has the effect of a judgment by the district court and res judicata principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings." *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 463 (6th Cir. 1991) (citation omitted). In this case, it is uncontested that the plan provided that the Appellant was barred from prosecuting causes of action inconsistent with the provisions of the plan. In addition, the Confirmation Order stated that actions that arose prior to the effective date of the plan were barred. The fraud arguments raised by the Appellant could have been raised during the confirmation proceedings. It is uncontested that the Appellant did not file an objection to the confirmation of the Debtors' plan. Therefore, the bankruptcy court did not err in finding that the relief sought by the Appellant was barred by the binding provisions of the confirmed plan.

## V. CONCLUSION

The bankruptcy court's order dismissing the Appellant's Complaint under Rule 12(b)(6) is AFFIRMED.