# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1305

_____

In re: AFY, also known as Ainsworth Feed Yards Company, Inc.

*Debtor*

------------------------------

Robert A. Sears; Korley B. Sears

*Appellants*

v.

Ronald H. Sears; Ron H. Sears Trust; Rhett R. Sears; Rhett Sears Revocable Trust; Dane Sears

*Appellees*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: February 13, 2013
Filed: October 23, 2013

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

Robert A. Sears and Korley B. Sears (collectively, appellants) claim to be the only present shareholders of AFY, Inc. (AFY), a debtor in bankruptcy. Rhett R. Sears, the Rhett R. Sears Revocable Trust, Ronald H. Sears, the Ron H. Sears Trust, and Dane R. Sears (collectively, appellees) made claims on AFY's bankruptcy estate in connection with the sale of appellees' former interests in AFY. The bankruptcy court[1] denied appellants' objections to the claims on June 8, 2011. The United States Bankruptcy Appellate Panel for the Eighth Circuit (BAP) affirmed on January 23, 2012, see In re AFY, Inc. (Sears v. Sears), 463 B.R. 483, 492 (8th Cir. B.A.P. 2012), and appellants now appeal. Because appellants lack standing to appeal the bankruptcy court's order, we dismiss their appeal.

## I.    BACKGROUND

Appellees sold their ownership interests in AFY in June 2007 pursuant to a Stock Sale Agreement (Agreement), which they claim jointly obligated Korley and AFY to pay for appellees' shares. Appellants maintain that "[a]lthough AFY was a party to that [A]greement," only Korley was liable for the price of the shares.

On March 25, 2010, AFY filed for bankruptcy under Chapter 11, 11 U.S.C. §§ 1101-1174. In response to appellees' motion to appoint a trustee, the bankruptcy court appointed Joseph H. Badami as trustee in May 2010.

On April 27, 2010, appellees filed proofs of Claims 8, 9, and 10 in the bankruptcy court, seeking payment from AFY's estate for the purchase price of the stock they sold in the Agreement. Appellants objected to these proofs of claim. Badami did not object.

---

[1]The Honorable Thomas L. Saladino, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

After denying appellants' motions to postpone the hearing on Claims 8, 9, and 10, and for a hearing with live testimony and cross-examination of witnesses, the bankruptcy court held a hearing on May 18, 2011, with the affidavits concerning these claims. On June 8, 2011, the bankruptcy court denied appellants' objections to Claims 8, 9, and 10, holding AFY clearly was a "buyer" under the Agreement and rejecting the affirmative defenses raised by appellants.[2] Appellants appealed to the BAP, which affirmed the bankruptcy court on January 23, 2012. See Sears v. Sears, 463 B.R. at 492.

Appellants now appeal the bankruptcy court's denials of (1) their objections to Claims 8, 9, and 10, and (2) their motions for a continuance and a hearing with live witnesses.

## II.    DISCUSSION

Appellees assert appellants lack standing to appeal the bankruptcy court's order. "'Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential standing requirements associated therewith.'" In re AFY, Inc. (Sears v. Badami), ___ F.3d ___, ___, No. 11-2282 slip op. at 13 (8th Cir. 2013) (quoting In re Troutman Enters., Inc., 286 F.3d 359, 364 (6th Cir. 2002)). "[T]he person aggrieved doctrine limits standing to persons with a financial stake in the bankruptcy court's order, meaning they were directly and adversely affected pecuniarily by the order." Id. at __, slip op. at 12 (quoting In re Marlar, 252 B.R. 743, 748 (8th Cir. B.A.P. 2000)) (internal marks omitted).

AFY, which is the only party directly and adversely affected by the bankruptcy court's order allowing Claims 8, 9, and 10, is not a party to this appeal. Any effect

---

[2]In the same order, the bankruptcy court also granted appellees' objections to a proof of claim, Claim 26, filed by Korley. On appeal, appellants do not argue against the bankruptcy court's order with respect to Claim 26.

on appellants is indirect, based on their status as shareholders of AFY. Shareholders may not "'appeal a bankruptcy court decision where they assert[] only a derivative interest.'" Id. at ___, slip op. at 14 (quoting In re Troutman Enters., Inc., 286 F.3d at 365). This "rule, which applies to even a sole shareholder, 'recognizes that corporations are entities separate from their shareholders in contradistinction with partnerships or other unincorporated associations.'" Id. (quoting Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel, 20 F.3d 1311, 1317 (4th Cir. 1994)).

Appellants contend they have standing because they will only receive distributions from AFY's estate if AFY's estate is solvent, and Claims 8, 9, and 10 determine the solvency of AFY's estate. We rejected this argument for standing in Sears v. Badami, ___ F.3d at ___, slip op. at 18-21, because the issue derives from appellants' status as shareholders.

Alternatively, appellants claim they have standing under Singleton v. Wulff, 428 U.S. 106, 114-16 (1976), because they are the only parties who can assert the rights of AFY, which "has been stripped of all its assets by the appointment of a Trustee." As we explained in Sears v. Badami, ___ F.3d at ___, slip op. at 15, "Singleton only addresses general prudential standing requirements. . . . It does not confer appellate standing in the bankruptcy context—which involves a stricter standard." Singleton therefore does not help appellants. See id.

Finally, to the extent appellants argue that they have standing because Badami acted in bad faith, we are not persuaded by this argument. Cf. Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd., 493 U.S. 331, 336 (1990) (acknowledging an exception to the shareholder standing rule where a "corporation's management has refused to pursue the same action for reasons other than good-faith business judgment"). Appellants appear to argue—although their reasoning is far from clear—that Badami's decision not to object to Claims 8, 9, and 10 was in bad faith because (1) Badami's "interests are allied with those of" appellees, who filed the motion to have

a trustee appointed; and (2) appellants are involved in ongoing litigation with Badami. Neither assertion is sufficiently supported to establish Badami refused to object to Claims 8, 9, and 10 for any reason other than good faith business judgment. The exception to the shareholder standing rule acknowledged in Franchise Tax Board of California does not apply here. See id.

Because appellants lack standing to appeal the bankruptcy court's order, we do not reach the merits of their appeal.

## III.  CONCLUSION

We dismiss appellants' appeal from the bankruptcy court's order overruling appellants' objections to Claims 8, 9, and 10.

_____