RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19b0007p.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: JEFFREY W. PASLEY,

*Debtor.*

_____

JEFFREY W. PASLEY,

*Appellant,*

No. 18-8048

*v.*

ROBERT W. KEATS, Chapter 7 Trustee,

*Appellee.*

On Appeal from the United States Bankruptcy Court
for the Western District of Kentucky at Louisville.
No. 3:16-bk-33769—Alan C. Stout, Judge.

Decided and Filed:  August 6, 2019

Before:  HARRISON, PRICE SMITH, and WISE, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

_____

**ON BRIEF:**  Robert W. Keats, KEATS & SCHWIETZ, PLLC, Louisville, Kentucky, for Appellee.  Jeffrey W. Pasley, Louisville, Kentucky, pro se.

_____

### OPINION

_____

TRACEY N. WISE, Bankruptcy Appellate Panel Judge.  Appellant/Debtor Jeffrey W. Pasley ("Debtor") is the sole member of R.E.N. Enterprises, LLC ("REN"), a Kentucky limited liability company.  REN owns real estate at 4528 West Broadway, Louisville, Kentucky ("LLC Real Estate").  Appellee/Chapter 7 Trustee Robert W. Keats ("Trustee") filed a motion seeking authority from the United States Bankruptcy Court for the Western District of Kentucky to sell

the LLC Real Estate. Trustee asserted that Debtor's interest in REN was estate property under § 541(a)(1),[1] and Debtor is deemed to have assigned that interest to Trustee, who had the same rights that Debtor would have as to REN, including the right to sell REN's property. Debtor objected. The bankruptcy court held two hearings, both times explaining that Trustee stands in Debtor's shoes as the sole member of REN and has whatever authority Debtor would have to sell the LLC Real Estate. The bankruptcy court subsequently entered an order ("Sale Order") granting Trustee's motion. Debtor appealed the Sale Order, arguing that the court lacked authority to enter the Sale Order because the LLC Real Estate is not property of his bankruptcy estate.

## JURISDICTION

The Panel has jurisdiction to decide this appeal. The United States District Court for the Western District of Kentucky has jurisdiction to hear appeals from final orders issued by the Bankruptcy Court. 28 U.S.C. § 158(a)(1). The district court has authorized appeals to this Panel under 28 U.S.C. § 158(b)(6), and no party elected to have the district court hear this appeal. "[A] bankruptcy court's order may be immediately appealed if it is (1) 'entered in [a] . . . proceeding[ ]' and (2) 'final'—terminating that proceeding." *Ritzen Grp., Inc. v. Jackson Masonry, LLC* (*In re Jackson Masonry, LLC*), 906 F.3d 494, 499 (6th Cir. 2018) (quoting 28 U.S.C. § 158(a)), *cert. granted sub nom. Ritzen Grp., Inc. v. Jackson Masonry, LLC*, No. 18-938, 2019 WL 266853 (May 20, 2019). A bankruptcy court's order authorizing a trustee to administer an asset is a final order. *Bonner v. Sicherman* (*In re Bonner*), 330 B.R. 880 (unpublished table decision), *available at* 2005 WL 2136204, at *1 (B.A.P. 6th Cir. 2004) ("bankruptcy court's order granting the trustee's motion to reopen the bankruptcy case to administer an asset is a final order, because the determination that the trustee may administer the asset as property of the estate is conclusive on the merits.") (citation omitted). A bankruptcy court's sale order is also a final order. *K&B Capital, LLC v. Official Unsecured Creditors' Comm.* (*In re LWD, Inc.*), 335 F. App'x 523, 526 (6th Cir. 2009) ("a sale order by a bankruptcy

---

[1]Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

court is generally a final, appealable order."); *accord ELM Road Dev. Co. v. Buckeye Ret. Co., LLC, Ltd.* (*In re Hake*), 419 B.R. 328, 331 (B.A.P. 6th Cir. 2009) (citations omitted).

## FACTS

The relevant facts are undisputed.  Debtor filed a chapter 7 bankruptcy petition on December 19, 2016, and his amended petition lists "DBA R.E.N. Enterprises, LLC" in response to question 4, which asks for "[a]ny business names . . . you have used in the last 8 years." (Bankr. No. 16-33769-acs, ECF No. 143-1 at 2, 4.[2])  Debtor listed his 100% ownership interest in REN as an asset valued at $50,000 on Schedule B but did not separately identify the LLC's assets or debts.  Debtor did not claim an exemption in his REN membership interest on amended Schedule C.  (ECF No. 61-1.[3])

Trustee discovered that REN owns the LLC Real Estate.  On June 29, 2018, Trustee filed a "Notice and Motion to Sell Real Property Free and Clear (11 U.S.C. § 363) 4211 West Broadway and 4528 West Broadway" (the "Sale Motion").  Only the Sale Motion as it pertains to the LLC Real Estate is at issue in this appeal.  Pursuant to § 363, the Sale Motion sought authority for Trustee to:  (a) list the LLC Real Estate with a realtor or sell it privately; (b) pay closing costs "as an administrative expense of the debtor estate"; and (c) hold the net sale proceeds pending further order.  (ECF No. 115 at 2.)  Trustee asserted that REN owns the LLC Real Estate, and Debtor's interest in REN "is an interest of the Debtor that upon the filing of a bankruptcy petition by the Debtor falls into the hands of the Trustee, which ultimately gives the Trustee authority to sell the Debtor's property." *Id.* (citing § 541).

Debtor objected to the Sale Motion, arguing that the LLC Real Estate should not be sold until a pending adversary proceeding relating to separate real estate was resolved, but he did not explain the correlation between the LLC Real Estate sale and the adversary proceeding.  Trustee

---

[2]All subsequent references to "ECF No. __" are to the CM/ECF record in Bankruptcy Case No. 16-33769-acs.

[3]Debtor did not designate amended Schedule C as part of the record on appeal, and the parties' briefs did not discuss it.  However, the Panel takes judicial notice of its filing in the bankruptcy court record pursuant to Federal Rule of Evidence 201(b)(2).  Appellate courts may take judicial notice of facts not subject to reasonable dispute that are supported by documents not included in the record on appeal. *U.S. v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (citations omitted).

filed a Supplemental Brief in support of the Sale Motion, reaffirming his positions that Debtor is deemed to have assigned his membership interest in REN to Trustee upon his bankruptcy filing and that Trustee had the right to liquidate REN's assets.  Debtor's only response was, again, that the LLC Real Estate should not be sold until the adversary proceeding was resolved.

The bankruptcy court held an initial hearing on the Sale Motion on October 2, 2018, and Debtor, his counsel, and Trustee appeared.  The court explained that it would overrule Debtor's objection regarding Trustee's authority to operate REN, stating:  "The trustee has the authority to stand in the shoes of the debtor as to this LLC, and if he wants to sell the property, he can sell the property that is owned by the LLC.  Period." (Oct. 2, 2018 Hr'g Tr. at 24.)  However, the court instructed Trustee to identify REN's creditors that would have to be satisfied before any of REN's funds would flow through to Debtor's estate and continued the hearing.

The bankruptcy court held a continued hearing on the Sale Motion on November 27, 2018, and Debtor, his counsel, and Trustee appeared.  The court again stated that Trustee stood in Debtor's shoes regarding Debtor's ownership interest in REN.  After addressing the court's concerns regarding notice to REN's creditors, Trustee stated that a realtor was ready to list the LLC Real Estate and, to avoid potential issues with title companies and closing attorneys, asked the Court to enter an order giving him authority to sell the LLC Real Estate.  Debtor's counsel argued in opposition that the LLC Real Estate was not property of Debtor's bankruptcy estate, and the court responded:

> It's not property of the bankruptcy estate, it's the ownership interest in the LLC that's the property of the bankruptcy estate . . . and the trustee stands in the shoes now of the – he is the sole stockholder of that – or shareholder of that LLC now. He has the authority to sell it, not under 363, but he has the authority to sell it as the stock – sole owner.

(Nov. 27, 2018 Hr'g Tr. at 9.)

After concluding that law in the Sixth Circuit regarding Trustee's authority to sell the LLC Real Estate is clear, the bankruptcy court granted the Sale Motion as to the LLC Real Estate.  The court subsequently entered the Sale Order.  Debtor timely filed a Notice of Appeal of the Sale Order on December 11, 2018.

## DISCUSSION

This appeal must be dismissed for lack of standing. Although neither party raised standing as an issue, standing is a threshold issue that federal appellate courts must consider prior to reaching the merits of an appeal. *Barry v. Lyon*, 834 F.3d 706, 714 (6th Cir. 2016) (citation omitted); *Harker v. Troutman* (*In re Troutman Enters., Inc.*), 286 F.3d 359, 364 (6th Cir. 2002) (stating that appellate courts may consider standing *sua sponte* because "[s]tanding is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case.") (citation omitted). "The lack of standing is a jurisdictional bar to appellate review." *Simon v. Amir* (*In re Amir*), 436 B.R. 1, 9 (B.A.P. 6th Cir. 2010)) (citing *Troutman Enters.*, 286 F.3d at 364).

In bankruptcy cases, appellate standing "'is more limited than Article III standing or the prudential requirements associated therewith.'" *Moran v. LTV Steel Co., Inc.* (*In re LTV Steel Co., Inc.*), 560 F.3d 449, 453 (6th Cir. 2009) (citations omitted). "[T]o have standing to appeal a bankruptcy court order, an appellant must have been 'directly and adversely affected pecuniarily by the order.'" *Troutman Enters.*, 286 F.3d at 364 (quoting *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996)). "[A] party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights." *Id.* (quoting *Fidelity Bank* at 882).

As a result, chapter 7 debtors rarely have the requisite "'pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor.'" *Lunan v. Jones* (*In re Lunan*), 523 F. App'x 339, 340 (6th Cir. 2013) (quoting *Cult Awareness Network, Inc. v. Martino* (*In re Cult Awareness Network, Inc.*), 151 F.3d 605, 607 (7th Cir. 1998)). "However, if the debtor can show that a successful appeal will generate assets in excess of liabilities, thus entitling [him] to a distribution of surplus under 11 U.S.C. § 726(a)(6), then the debtor is a 'person aggrieved' with standing to appeal." *Id.* (citing *Kowal v. Malkemus* (*In re Thompson*), 965 F.2d 1136, 1144 n.12 (1st Cir. 1992); *Amir*, 436 B.R. at 10). "'[T]he debtor cannot simply claim that there is a theoretical chance of a surplus in the estate, but must show that such surplus is a reasonable possibility.'" *Id.* (quoting *Amir*, 436 B.R. at 10 (internal quotation marks and citations omitted)).

There is no evidence that Debtor is a "person aggrieved" by the Sale Order he appeals. REN—not Debtor—owns the LLC Real Estate. The Sale Order directs the sale of the LLC Real Estate, and Debtor failed to explain how that sale would diminish his property, increase his burdens, or impair his rights. Thus, Debtor lacks the requisite pecuniary interest in the LLC Real Estate sale contemplated in the Sale Order. Debtor did not claim an exemption in his membership interest in REN, and he failed to demonstrate that his success on appeal would otherwise entitle him to a distribution of surplus assets from his chapter 7 estate. Consequently, Debtor lacks standing to appeal the Sale Order. Therefore, the appeal must be dismissed.

## CONCLUSION

For the foregoing reasons, the appeal is **DISMISSED** for lack of standing.