# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 21-6004

_____

In re: JACOB LEVITT and PAIGE LEVITT,

Debtors.

------------------------------

JACOB LEVITT and PAIGE LEVITT,

*Appellants*

v.

JILL R. JACOWAY, Trustee, and DANIEL J. CASAMATTA, U.S. Trustee,

*Appellees*

_____

Appeal from United States Bankruptcy Court
for the Western District of Arkansas – Fayetteville

_____

Submitted: September 21, 2021
Filed: November 18, 2021

_____

Before NAIL, Chief Judge, SALADINO and RIDGWAY, Bankruptcy Judges.

_____

RIDGWAY, Bankruptcy Judge.

Jacob and Paige Levitt appeal the bankruptcy court's[1] orders (1) granting in part and denying in part the chapter 7 trustee's application to pay her law firm as attorney for the trustee, and (2) denying the debtors' motion to remove the trustee, among other findings not at issue here. Prior to considering the merits of the issues raised on appeal, we must first address the issue of standing. For the reasons that follow, we find that the debtors lack standing, and we therefore dismiss the appeal.

## BACKGROUND

The debtors have an extensive history of filing bankruptcy cases.[2] They filed the chapter 13 case now before us in November 2018; it was subsequently converted to a chapter 11 case and then to a chapter 7 case. Ms. Jill Jacoway was appointed as the trustee and filed an application to employ her law firm to provide legal services on behalf of the estate. In an affidavit of disinterestedness that accompanied her application, the trustee stated that neither she nor her law firm had any connection with the debtors, their creditors, or any other party in interest.

The trustee proceeded to administer the estate, which included an investigation into three businesses the debtors reported as assets – each with an assigned value of $1.00 on the debtors' schedules – and an unidentified claim against a third party. After completing her investigation, the trustee initially determined the case was a no asset case. Subsequently, however, she filed a motion to sell property of the estate after receiving an offer to purchase the debtors' 100% membership interests in the three businesses, together with any individual claims the debtors held against certain creditors, for $45,000.

---

[1] The Honorable Ben Barry, United States Bankruptcy Judge for the Western District of Arkansas Fayetteville Division. Judge Barry retired on April 25, 2021.

[2] They filed two chapter 13 cases, both of which were dismissed for failure to make plan payments, before filing their only bankruptcy case in which they successfully received a discharge: a chapter 7 case in 2013, in which Ms. Jacoway was appointed as the trustee. The debtors filed two additional chapter 13 cases – which were dismissed for failure to file required information – before filing this case.

The debtors filed amended schedules in which they claimed the three business were collectively worth $340,001 and the "rights to sue" were valued at approximately $100,000. They objected to Ms. Jacoway's motion to sell the assets for $45,000, but the bankruptcy court approved the sale of the estate property over their objection. Notably, the debtors claimed $22,713.74 of the proceeds exempt, and the trustee paid them that amount from the $45,000 sale. The debtors did not appeal the bankruptcy court's order approving the sale.

Ms. Jacoway filed an application for compensation on behalf of her law firm for services rendered as counsel for the estate. The debtors – proceeding *pro se* – timely objected and also asked the bankruptcy court to remove Ms. Jacoway as their trustee, alleging that she failed to disclose certain conflicts of interest.

After a hearing, the bankruptcy court denied the debtors' request for Ms. Jacoway's removal, finding that any undisclosed potential conflicts were immaterial and there was insufficient evidence to support removal of the trustee "for cause" under 11 U.S.C. § 324(a). The bankruptcy court also denied the debtors' motion for relief from the sale order, denied their motion to dismiss the case, and granted the trustee's fee application in a slightly reduced amount.

The bankruptcy court entered two orders incorporating these findings and conclusions, and the debtors filed a motion for rehearing. The bankruptcy court made a further minor reduction in the allowed trustee fees, but otherwise denied the debtors' motion for rehearing. The debtors timely appealed the orders, but did not raise on appeal the bankruptcy court's order denying their motion to dismiss the case or the bankruptcy court's order denying their motion for relief from the sale order.

## DISCUSSION

Standing is a threshold question; lack of standing is a jurisdictional bar to appellate review. *McGowen, Hurst, Clark & Smith, P.C. v. Commerce Bank*, 11 F.4th 702 n.2 (8th Cir. 2021). Appellate standing in bankruptcy cases is more limited than Article III standing or prudential standing; appellate standing requires an appellant to be a "person aggrieved" by the bankruptcy court's order. *Sears v. Sears*

3

*(In re AFY)*, 733 F.3d 791, 793 (8th Cir. 2013). In order to be a "person aggrieved," a party must have been directly and pecuniarily injured by the order – in other words, the order must have "diminish[ed] the person's property, increase[d] the person's burdens, or impair[ed] the person's rights." *WestLB AG*, 531 B.R. at 789 (citing *In re Marlar*, 267 F.3d 749, 753 n.1 (8th Cir. 2001)); *see also Fidelity Bank, Nat'l Ass'n v. M.M. Grp.*, 77 F.3d 880, 882 (6th Cir. 1996). The "person aggrieved" standard is restrictive; a party permitted to participate in bankruptcy court proceedings will not necessarily have standing to appeal orders entered in those proceedings. *WestLB AG v. Kelley*, 531 B.R. 783, 789 (D. Minn. 2015) (citing *In re AFY*, 734 F.3d at 824).

Since chapter 7 debtors are divested of all right, title, and interest in nonexempt property through the creation of the bankruptcy estate at the commencement of their cases, these debtors generally lack any pecuniary interest in the trustee's disposition of that property; it is generally the trustee alone who possesses standing under the "persons aggrieved" standard to appeal bankruptcy court orders concerning the sale of property of the estate. *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001) (citing *In re El San Juan Hotel*, 809 F.2d 151, 154-55 (1st Cir. 1987)); *In re Cult Awareness Network*, 151 F.3d 605, 607 (7th Cir. 1998); *In re Richman*, 104 F.3d 654, 657 (4th Cir. 1997); *In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 10 (1st Cir. 1993); *In re Eisen*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994). A debtor may still have standing if the debtor can show that one of two exceptions applies: (1) there is a reasonable possibility – not just a theoretical chance – that a successful appeal would entitle the debtor to the distribution of a surplus under 11 U.S.C. § 726(a)(6); or (2) the appealed order impacts the terms of the debtor's bankruptcy discharge. *Simon v. Amir (In re Amir)*, 436 B.R. 1, 10 (B.A.P. 6th Cir. 2010). The appellant asserting standing to appeal bears the burden of proving it qualifies as a "person aggrieved." *Id.*

Here, the debtors have failed to meet their burden to demonstrate they have standing to appeal either of the bankruptcy court's orders. After the debtors received $22,713.74 from the $45,000 in proceeds generated from the sale, just $22,286.26 remains available for distribution. These funds are insufficient to pay even the

4

priority claims in full, let alone the secured and unsecured claims[3] – much less generate a surplus that could be paid to the debtors under § 726(a)(6).[4] This is true even if the trustee were removed and the trustee's attorney fees were reduced to zero.

A successful appeal on either of these issues would also not change the terms of the debtors' bankruptcy discharge; as all parties acknowledged on the record, the debtors will not receive a discharge in their case due to the discharge they received in their 2014 chapter 7 case.

The debtors are not "persons aggrieved" by the bankruptcy court's orders, and they do not have standing to appeal those orders.[5] We thus lack jurisdiction and will not consider the substantive arguments raised in the debtors' appellate briefing.

## CONCLUSION

For the reasons stated herein, the debtors lack standing to appeal the bankruptcy court's orders. We must therefore dismiss this appeal.

_____

_____

[3] The priority claims include one by the Arkansas Commissioner of State Lands, totaling $13,062.99, and one by the IRS totaling $24,373.33. The secured claims total $628,975, while the general unsecured claims total $380,439.59.

[4] Earlier in the bankruptcy case, in response to the trustee's sale motion and despite having valued the causes of action at just $4.00 in their initial schedules, the debtors asserted that full prosecution of the causes of action could pay all creditors in full and return a surplus to them. However, the bankruptcy court authorized the sale over their objections, finding the trustee properly investigated the causes of action and the sale was within the trustee's business discretion. Because the debtors did not timely appeal the order authorizing the sale, the sale itself – and whether or not it may have been able to produce a surplusage – is not an issue before us in this appeal.

[5] Given the debtors' lack of standing, we need not decide whether the bankruptcy court orders are interlocutory. *See Nebraska v. Strong (In re Strong)*, 293 B.R. 764, 767 (B.A.P. 8th Cir. 2003) (*citing first Nat'l Bank v. Allen*, 118 F.3d 1289, 1293 (8th Cir. 1997)).