[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10684
Non-Argument Calendar
_____

D.C. Docket No. 1:13-mc-23425-KAM


JEFF TUCKER,

Plaintiff - Appellant,

versus

BARRY E. MUKAMAL,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2015)

Before MARCUS, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jeff Tucker appeals an order the district court entered in its role as bankruptcy appellate court affirming the bankruptcy court's denial of a motion to recuse and grant of a motion to conclude administration of the bankruptcy case. After careful review, we affirm.

I.

Mr. Tucker filed a Chapter 7 bankruptcy petition in 2004, and the bankruptcy court appointed appellee Barry Mukamal as Trustee. Two years later, Mr. Tucker and the Trustee entered into a court-approved settlement agreement which set forth payments Mr. Tucker was required to make by November 20, 2007 to settle certain debts against his estate in exchange for his discharge in bankruptcy. The agreement provided that, if Mr. Tucker defaulted on his obligations, the Trustee was entitled to exercise certain remedies, including (as relevant here) revocation of the bankruptcy discharge.

Mr. Tucker subsequently defaulted on his obligations under the settlement agreement by failing to timely settle the debts against his estate, so the Trustee moved in 2011 to revoke the bankruptcy discharge. After a hearing, the bankruptcy court granted the motion. Shortly thereafter, Mr. Tucker filed a motion for recusal of the bankruptcy judge, which was denied.

Almost two years later, the Trustee filed a "Motion to Conclude Administration of Chapter 7 Case" (the "Trustee's Motion"). The Trustee noted

that one claim against the now insolvent bankruptcy estate remained outstanding and was the subject of an ongoing adversary proceeding between Mr. Tucker and a purported creditor (a proceeding to which the Trustee was not a party). Citing the near ten-year span of litigation and emphasizing that the adversary proceeding could continue for some time without a resolution, the Trustee requested that the bankruptcy court close the case subject to any distributions that may later occur as a result of the resolution of the adversary proceeding and its impact on the single outstanding claim against the estate.

Although Mr. Tucker filed a response in opposition to the Trustee's Motion, he stated in his response that his objection was to the Trustee's previous record of "sitting on his hands" and neglecting "his statutory duty to close the case in an expeditious manner." Response in Opposition to Trustee's Motion, Doc. 661 at 1-2, *In re Tucker*, No. 1:04-bk-13319-AJC (Bankr. S.D. Fla. Aug. 1, 2013). Mr. Tucker expressed frustration that the Trustee had "dragg[ed] the case on for three years after the sole creditor and Jeff Tucker requested the case be closed." *Id.* at 2. He also stated that the Trustee "had absolute statutory authority to close the case since September 15, 2010, when both the sole creditor and Jeff Tucker requested [that Trustee] Mukamal close the case." *Id.* at 3. The bankruptcy court, noting the apparent agreement between the parties, granted the Trustee's Motion and directed the Trustee to close the case.

3

Mr. Tucker appealed the bankruptcy court's denial of his motion to recuse and decision ordering closure of the case to the district court, which affirmed both orders. With respect to the recusal motion, the district court found that the bankruptcy judge's expressions of his opinion of Mr. Tucker's credibility were influenced by Mr. Tucker's conduct, including his default on the settlement agreement. Because the bankruptcy judge's comments were grounded in his experience overseeing the proceedings, the district court reasoned, the denial of the motion to recuse did not amount to an abuse of discretion. With respect to the bankruptcy court's decision to grant the Trustee's Motion, the district court found that Mr. Tucker lacked standing to challenge that order because, since the estate was deficient, he would not receive a distribution from it and therefore no longer had a financial stake in the outcome of the proceedings. Mr. Tucker now appeals from the district court's order affirming both decisions.

## II.

"In a bankruptcy case, this Court sits as a second court of review and thus examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court." *Brown v. Gore (In re Brown)*, 742 F.3d 1309, 1315 (11th Cir. 2014) (internal quotation marks omitted). We review the denial of a motion for recusal for an abuse of discretion and will reverse only if the judge who decides not to recuse made "a

clear error of judgment." *United States v. Kelly*, 888 F.2d 732, 744-45 (11th Cir. 1989). We otherwise generally review a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Fisher Island Ltd. v. Solby+Westbrae Partners (In re Fisher Island Invs., Inc.)*, 778 F.3d 1172, 1189 (11th Cir. 2015).

## III.

## A.

We first address whether the bankruptcy court abused its discretion in denying Mr. Tucker's motion to recuse. Federal law requires a judge to recuse when his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A court ruling on a recusal motion under § 455(a) must decide "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir.1988). A judge is not "recusable for bias or prejudice [when] his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings." *Liteky v. United States*, 510 U.S. 540, 551 (1994).

Over the course of almost a decade of litigation in this case, the bankruptcy judge made half a dozen or so comments about Mr. Tucker's demeanor and litigation strategy that Mr. Tucker now argues illustrated personal bias. These few comments, made based on what the bankruptcy court observed in court, do not,

however, reflect "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.  Indeed, "expressions of impatience, dissatisfaction, annoyance, and even anger," such as those the bankruptcy judge occasionally made in this case, "are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56.

The bankruptcy judge's comments, although undoubtedly reflective of his annoyance with Mr. Tucker, were based on his interactions with Mr. Tucker, the Trustee, and counsel throughout the proceedings.  Without more, these comments are insufficient to demonstrate to us the kind of favoritism or antagonism that would make recusal necessary.  We therefore conclude that the bankruptcy court's decision to deny Mr. Tucker's recusal motion was not a clear error of judgment and affirm the district court's decision to uphold the bankruptcy court's order.

### B.

We turn now to Mr. Tucker's contention that the bankruptcy court erroneously ordered his case closed.  The district court found that Mr. Tucker was not aggrieved by the order granting the Trustee's Motion because he had no remaining financial stake in the proceedings and accordingly lacked standing to challenge the bankruptcy court's decision.  Mr. Tucker argues that the district

6

court's conclusion regarding standing was wrong and that the bankruptcy court should not have ordered the caser closed.

We agree with the district court that the bankruptcy court did not err in granting the Trustee's Motion. Only a "person aggrieved" may appeal a bankruptcy order, and our precedent has limited persons aggrieved to those with "a financial stake in the order being appealed," that is, those who are "directly, adversely, and pecuniarily affect[ed]" by the order. *Westwood Cmty. Two Ass'n v. Barbee (In re Westwood Cmty. Two Ass'n)*, 293 F.3d 1332, 1335, 1337-38 (11th Cir. 2002). "A person has a financial stake in the order when that order diminishes [his] property, increases [his] burdens[,] or impairs [his] rights." *Id.* at 1335 (internal quotation marks omitted).

Here, Mr. Tucker does not dispute that the estate is deficient and as a result he will receive no distribution from the underlying bankruptcy proceeding. Thus, he was not directly pecuniarily affected by the bankruptcy court's decision to order the administration of the estate's proceedings closed. As regards his contention that he has standing because his ongoing adversary proceeding ultimately might have affected his financial stake in the outcome of the underlying bankruptcy proceeding, this argument is foreclosed by our precedent. *See Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1325-26 (11th Cir. 2014) ("[A] party is not aggrieved, for the purposes of appealing from a

7

bankruptcy court order, when the only interest allegedly harmed by that order is the interest in avoiding liability from an adversary proceeding.").  Moreover, we reject Mr. Tucker's argument that other outstanding issues, such as whether the court might impose sanctions, gave him a financial stake in the outcome of the bankruptcy case's administration.  Those interests—which the Bankruptcy Code does not specifically "seek[] to protect or regulate"—are insufficient to confer standing.  *See id.* at 1326.

In any event, even if Mr. Tucker had standing to challenge the bankruptcy court's order on the Trustee's Motion, we note he conceded before the bankruptcy court that the Trustee had "absolute statutory authority" to close the case and agreed that the case was due to be closed.  He therefore has waived any argument to the contrary.  *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (emphasizing that, where a party concedes a point before a lower court that he does not genuinely contest on appeal, his waiver will "prevent us from reaching it").  The district court accordingly did not err in affirming the bankruptcy court's decision to grant the Trustee's Motion.

## IV.

For the foregoing reasons, we affirm the district court's order upholding the bankruptcy court's denial of Mr. Tucker's motion to recuse and closure of the bankruptcy case.

**AFFIRMED.**