[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15245
Non-Argument Calendar
_____

D.C. Docket Nos. 1:13-cv-24332-KAM, 04-bkc-13319-AJC

In re: JEFF TUCKER,

                                                            Debtor.
_____

JEFF TUCKER,

                                                            Plaintiff - Appellant,

                              versus

BARRY E. MUKAMAL,

                                                            Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 24, 2016)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jeff Tucker declared Chapter 7 bankruptcy in 2004.  Two years later, he entered into a court-approved agreement with the bankruptcy estate's trustee, Barry E. Mukamal (the "Trustee"), to settle certain debts against his estate in exchange for his discharge in bankruptcy.  Pursuant to the settlement agreement, Tucker agreed that if he failed to pay the Trustee $700,000 to settle his outstanding debts, the Trustee could revoke the bankruptcy discharge and claim a parcel of property Tucker owned.  Tucker failed to pay, so in 2011 the bankruptcy court revoked his discharge and ordered the property transferred to the Trustee.  With the approval of the bankruptcy court, the Trustee transferred the property by quitclaim deed to a third party, Arthaus Investments, LLC ("Arthaus").  The following year, Arthaus filed an action to quiet title on the property in state court.  Tucker answered by denying Arthaus's superior interest in the property and cross-claimed against the Trustee, alleging that the Trustee fraudulently obtained the deed to the property.

In 2013, before the state court had ruled on the action to quiet title and Tucker's cross-claims, the Trustee moved to conclude administration of the bankruptcy proceedings.  The bankruptcy court—noting that both parties agreed that the proceedings were due to be closed—granted the motion and directed the

2

Trustee "to close this case and issue a final report." Omnibus Order, Doc. 667 at 2, *In re Tucker*, No. 1:04-bk-13319-AJC (Bankr. S.D. Fla. Aug. 23, 2013).

Seven days later, before the Trustee had done as directed, Arthaus moved the bankruptcy court for an order ratifying the sale of the property to Arthaus and a determination that Tucker could not proceed against the Trustee in a separate adversary proceeding. The Trustee joined in the motion. After a hearing, the bankruptcy court issued an order ratifying the sale and ordering Tucker to dismiss his cross-claims against the Trustee without prejudice pursuant to the so-called "*Barton* doctrine," which requires a debtor to obtain leave of the bankruptcy court before suing his trustee. *See Carter v. Rodgers*, 220 F.3d 1249, 1252 (11th Cir. 2000) (discussing the holding in *Barton v. Barbour*, 104 U.S. 126 (1881)).

Tucker appealed the bankruptcy court's order to the district court, mounting three challenges: (1) the bankruptcy court lacked jurisdiction to enter its order because the bankruptcy proceedings were closed; (2) because the bankruptcy case was closed, Arthaus could not move to ratify the sale without first moving to reopen the proceedings; and (3) the *Barton* doctrine was inapplicable to Tucker's cross-claim against the Trustee. The district court rejected each of Tucker's challenges and affirmed the bankruptcy court's order.

Tucker appeals the district court's order. After review, we find no reversible error in that order and accordingly affirm. In light of the fact that we previously

have ruled on an appeal arising from Tucker's bankruptcy proceedings, *see Tucker v. Mukamal* ("*Tucker I*"), 616 F. App'x 969 (11th Cir. 2015), we pause to discuss one issue. In *Tucker I*, Tucker challenged the bankruptcy court's order granting the Trustee's motion to conclude administration of the bankruptcy proceeding. This Court held that Tucker lacked standing to challenge the order because it was undisputed that the estate was deficient and Tucker therefore would not be affected directly by the closure of the case. *Id.* at 972. We also noted that, even if Tucker had standing to challenge the order, he had waived his challenge by conceding before the bankruptcy court that the case was due to be closed. *Id.* at 973.

Now Tucker's challenges hinge on the effect of the bankruptcy court's order concluding the administration of the proceedings. We note that, although that order directed the Trustee to close the case and file a final report, the Trustee had not done so when Arthaus filed its motion to ratify the sale of property. Instead, the Trustee *and* Tucker continued to file motions and responsive pleadings about the Arthaus sale and other matters in the bankruptcy court. Indeed, due to ongoing disputes between the parties, the Trustee did not file a final report that triggered closure of the case until February 2015, approximately 18 months after the bankruptcy court ordered the proceedings closed. So the bankruptcy court's adjudication of the motion to ratify the sale occurred well before the case finally

4

was closed.   Tucker's actions in the bankruptcy court reflect that understanding,[1] and we therefore are not persuaded by his claim on appeal that the district court lacked jurisdiction to accept Arthaus's motion, hold a hearing, and issue an order ratifying the sale.

For the reasons set forth here and in the district court's well-reasoned order, we affirm.

**AFFIRMED.**

---

[1] Tucker noted at the hearing on the motion to ratify that the bankruptcy court had ordered the case closed, and the bankruptcy court invited him to file a motion addressing the impact of that fact if indeed there was such an impact.  Tucker failed to file any such motion.