[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12606
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00068-BAE-GRS,
Bkcy No. 07-bkc-10454

SPORTMAN'S LINK, INC.,

Plaintiff,

versus

KLOSINSKI OVERSTREET, LLP,

Defendant-Appellee,

SOHAIL ABDULLA,

Interested Party-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 10, 2014)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Sohail Abdulla appeals *pro se* the denial of his motion for disgorgement of fees and objection to the distribution of assets to Klosinski Overstreet, LLP, for its legal representation of Abdulla's former business, Sportsman's Link, Inc., during its bankruptcy proceeding. We affirm.

Sportsman's retained Klosinski to assist in filing a petition for bankruptcy under Chapter 11, and Abdulla paid Klosinski a $20,000 retainer. Later, Sportsman's petition was converted to a Chapter 7 petition, and the Chapter 7 Trustee retained Klosinski as special counsel to pursue preference and fraudulent transfer actions for the Sportsman's estate. Klosinski filed 23 adversary proceedings and recovered more than $500,000 for the estate.

In July 2011, Sportsman's, through counsel, filed an adversary proceeding against Klosinski for legal malpractice and breach of its fiduciary duties. The Chapter 7 Trustee filed an application to compromise the controversy for $20,000. Sportsman's objected and argued that Klosinski's failure to disclose its connections to two creditors, Georgia Bank & Trust Company of Augusta and Fairway Ford of Augusta, Inc., violated Federal Rule of Bankruptcy Procedure 2014(a) and should result in a disgorgement of fees related to those collections.

2

After a full-day evidentiary hearing on the Trustee's application, the bankruptcy court approved the compromise as reasonable because Sportsman's was not damaged by Klosinski's failure to disclose, but the bankruptcy court reserved ruling on whether Klosinski should disgorge its fees pending a report and recommendation from the United States Trustee. The US Trustee reported that, although Klosinski did not have an actual conflict of interest, it had violated Rule 2014 by failing to disclose its connections with the two creditors. The US Trustee moved to sanction Klosinski and recommended that the bankruptcy court reduce Klosinski's fees by $15,241.88 for its work in the Chapter 11 proceeding and by $12,589.84 for its work in the Chapter 7 proceeding.

In May 2012, the bankruptcy court held a hearing to impose sanctions on Klosinski for its violation of Rule 2014(a), which Abdulla and Sportsman's counsel failed to attend. The bankruptcy court determined that Klosinski's failure to disclose its connection to Georgia Bank during the Chapter 11 proceeding was purposeful and material and reduced Klosinski's fees in that proceeding by $20,000. The bankruptcy court also reduced Klosinski's fees in the Chapter 7 proceeding by $30,000 for its ongoing failure to disclose its association with Georgia Bank and required Klosinski to forfeit its entire fee of $3,300 for failing to disclose its previous representation of Fairway.

3

After the deadline expired to object to the Trustee's final report, Abdulla moved *pro se* for disgorgement of fees and objected to the distribution of the assets of the Sportsman's estate to Klosinski. Abdulla sought disgorgement of a $20,000 retainer fee that he had given Klosinski and he objected to the payment of fees to Klosinski until there was "an investigation by an independent Special Counsel to examine the actions of all the attorneys involved." Abdulla alleged that Klosinski had wrongfully induced Sportsman's to enter a contract with another law firm; had made misrepresentations in its disclosures to the bankruptcy courts; and had concealed some of its fee arrangements. Abdulla also repeated in his motion the allegations made by Sportsman's that Klosinski had committed legal malpractice and breached its fiduciary duties.

The district court denied Abdulla's motion. The district court ruled that Abdulla lacked standing to seek the disgorgement of fees because he did not have a pecuniary interest in the retainer he had paid on Sportsman's behalf or in the fees paid by Sportsman's estate. The district court denied Abdulla's request for a *sua sponte* investigation because he would not benefit from the disgorgement of Klosinski's fees and because it was "satisfied . . . after [a] review of the record . . . that the Bankruptcy Court [had] sufficiently policed Sportsman's former attorneys and punished them for any misconduct."

4

We conclude that Abdulla has abandoned any challenge that he might have made to the denial of his request for the disgorgement of fees. "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). Abdulla states that he "do[es] not expect any money from this case" and requests that we review the denial of his request for his "allegations and . . . evidence to be investigated and considered by an independent authority." We deem abandoned Abdulla's request for the disgorgement of fees.

Abdulla lacks standing to request a special investigation about Klosinski's representation of Sportsman's. To appeal an order entered in a bankruptcy proceeding, a person must be "directly, adversely, and pecuniarily affected" by the decision. *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1325 (11th Cir. 2014). Abdulla cannot benefit from an investigation that would result in further sanctions being imposed on Klosinski because those sanctions would flow to Sportman's estate, not to Abdulla.

Even if Abdulla had standing to request further investigation of Klosinski, the district court did not abuse its discretion. The district court has inherent powers to discipline attorneys for misconduct and to investigate if it has been a victim of fraud, but "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO*, 501 U.S. 32, 43–44, 50 111 S. Ct.

2123, 2132 (1991). The district court took "seriously [the] allegations" against Klosinski and reasonably determined that the bankruptcy court had adequately investigated and punished Klosinski. The record reflects that the bankruptcy court examined Sportsman's contentions and the reports, evidence, and arguments of the Chapter 7 Trustee and the US Trustee and made an independent determination that, although Klosinski's misconduct did not constitute malpractice, its failure to disclose violated Rule 2014(a) and warranted harsher sanctions than those recommended by the US Trustee. In the light of the thorough examination of Klosinski's conduct by the bankruptcy court, the district court reasonably "exercised . . . restraint" and declined to conduct a further investigation.

We **AFFIRM** the denial of Abdulla's motion for disgorgement of fees and objection to the distribution of assets.