[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10325
Non-Argument Calendar

_____

D.C. Docket Nos. 2:16-cv-00653-JES; 9:08-bkc-16204-FMD

In Re: LAWRENCE N. PETRICCA, SR.,

                                                                                    Debtor.

_____

LAWRENCE N. PETRICCA, SR.,

                                                                        Plaintiff-Appellant,

versus

DIANE L. JENSEN,

                                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 22, 2018)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Lawrence Petricca, a Chapter 7 debtor proceeding *pro se*, appeals following the district court's December 2016 dismissal of his bankruptcy appeal for lack of standing, which it issued after concluding that he was not a "person aggrieved" by the bankruptcy court order on appeal.

By way of background, Petricca was granted a full Chapter 7 discharge in 2013. In 2014, the Chapter 7 Trustee filed a report of sale of bankruptcy estate property, which indicated that the estate's interests in certain trusts and civil lawsuits were sold to a third party. Petricca filed objections to that report and the underlying sale, which the bankruptcy court overruled. Petricca appealed that order to the district court, which dismissed his appeal in 2015. Petricca did not appeal that ruling to this Court.

In 2016, the Trustee filed a final report, which proposed distributions to creditors and implicitly indicated that Petricca would not be receiving any proceeds from the disposition of the estate. Petricca objected, arguing in relevant part that the earlier sale of estate property deprived him of a "fresh start" because it was likely to spawn litigation under state law. After the bankruptcy court entered an order overruling the objections, Petricca filed a motion to vacate that order, which the bankruptcy court denied. Petricca appealed that order to the district court. In December 2016, the district court dismissed the appeal for lack of standing under the "person aggrieved" doctrine.

In the present appeal, Petricca now challenges that order, arguing that the district court erred in determining that he was not a "person aggrieved" because the bankruptcy court order deprived him of a "fresh start." He also makes several arguments related to the bankruptcy court's earlier order overruling his objections to the Chapter 7 Trustee's sale of bankruptcy estate property, and its failure to sanction and disqualify various parties. We first address the scope of our appellate jurisdiction before proceeding to the merits of the district court's dismissal for lack of standing.

## I.

We "*sua sponte* examine the existence of appellate jurisdiction and review jurisdictional issues *de novo*." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1266 (11th Cir. 2015). We have noted that a party is not entitled to two appeals of the same underlying order. *United States v. Arlt*, 567 F.2d 1295, 1296-97 (5th Cir. 1978).[1]

In a civil action, the appealing party must file a notice of appeal within 30 days of the entry of the judgment or order appealed from. Fed. R. App. P. 4(a). The notice of appeal must "designate the judgment, order, or part thereof being

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

appealed." Fed. R. App. P. 3(c)(1)(B).  Satisfying this requirement is a prerequisite to the exercise of appellate jurisdiction in a civil case.  *United Steel*, 807 F.3d at 1266.

As an initial matter, Petricca makes several arguments on appeal that challenge: (1) the bankruptcy court's 2014 order overruling his objections to the Chapter 7 Trustee's sale of bankruptcy estate property; and (2) the bankruptcy court's failure to sanction or disqualify various parties.  These arguments are beyond the scope of our appellate jurisdiction, however.  As to the order overruling his objections to the sale, Petricca previously appealed that order to the district court, which dismissed his appeal in 2015.  That dismissal occurred in a separate district court proceeding from the case below, and Petricca failed to appeal it to this Court.  Petricca is not now entitled to a second appeal of the bankruptcy court's order.  *Arlt*, 567 F.2d at 1296-97.  Moreover, any challenge to that order is untimely because the district court entered it in 2015, and Petricca did not file the present appeal until 2017.  *See* Fed. R. App. P. 4(a).

As to Petricca's challenges to the bankruptcy court's failure to sanction or disqualify various parties, neither Petricca's notice of appeal from bankruptcy court to district court, or from the district court to this Court, designated any order denying sanctions or disqualification.  We therefore lack appellate jurisdiction to review these claims.  *United Steel*, 807 F.3d at 1266.

In light of the preceding, the scope of our appellate jurisdiction is limited to Petricca's appeal of the district court's December 2016 order.  That order dismissed—for lack of standing—Petricca's appeal from the bankruptcy court's denial of Petricca's motion to vacate an earlier bankruptcy court order overruling his objections to the Chapter 7 Trustee's final report and request for compensation. To the extent Petricca challenges the bankruptcy court's 2014 order overruling his objections to the Trustee's sale, or its refusal to sanction or disqualify any party, his appeal is DISMISSED.

## II.

A person may appeal from a bankruptcy court's order only if he is a person aggrieved by the order.  *Westwood Cmty. Two Ass'n, Inc. v. Barbee (In re Westwood Cmty. Two Ass'n, Inc.)*, 293 F.3d 1332, 1336-38 (11th Cir. 2002) ; *see also Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1325 & n. 3 (11th Cir. 2014).  "The person aggrieved doctrine limits the right to appeal a bankruptcy court order to those parties having a direct and substantial interest in the question being appealed."  *In re Ernie Haire Ford, Inc.*, 764 F.3d at 1325 (quotation omitted).

The "person aggrieved" doctrine is more restrictive than traditional Article III standing because it allows a person to appeal only when that person is "directly and adversely affected pecuniarily" by the bankruptcy court's order.  *In re*

*Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d at 1335 (quotation omitted).  "An order will directly, adversely, and pecuniarily affect a person if that order diminishes their property, increases their burdens, or impairs their rights."  *Ernie Haire Ford, Inc.*, 764 F.3d at 1325 (quotation omitted).  In addition, "for a person to be aggrieved, the interest they seek to vindicate on appeal must be one that is protected or regulated by the Bankruptcy Code."  *Id.* at 1326.

In *Ernie Haire Ford*, we concluded that a defendant in an adversary proceeding was not a person aggrieved by a bankruptcy court order that allowed the adversary proceeding to continue.  *Ernie Haire Ford, Inc.*, 764 F.3d at 1324-27.  In that case, a Chapter 11 proceeding, the bankruptcy court had confirmed the debtor's second amended plan for reorganization (the "Second Plan").  *Id.* at 1323.  That Second Plan empowered a liquidating agent to sue any third parties alleged to owe money to the bankruptcy estate, but only if suit was brought before the Second Plan's Litigation Bar Date.  *See id.* at 1324.  After the Litigation Bar Date had passed, the liquidating agent named Benjamin Atkinson—a former creditor and employee of the debtor—as a defendant in 16 adversary proceedings.  *Id.*  Atkinson moved to enjoin the liquidating agent from proceeding with those claims on the grounds that they were filed after the Litigation Bar Date.  *Id.*  The debtor then filed a motion to modify the Second Plan to amend the definition of the Litigation

6

Bar Date specifically to allow the adversary proceedings against Atkinson to continue. *Id.*

The bankruptcy court granted the debtor's motion and confirmed the debtor's third amended plan for reorganization, allowing the adversary proceedings against Atkinson to continue. *Id.* Atkinson appealed to the district court, which affirmed. *Id.* Atkinson then appealed to this Court. *See id.*

On appeal, we concluded that Atkinson was not a person aggrieved by the bankruptcy court's order. *See id.* at 1325-27. We explained that "a party is not aggrieved, for the purposes of appealing from a bankruptcy court order, when the only interest allegedly harmed by that order is the interest in avoiding liability from an adversary proceeding." *Id.* at 1325-26. We reasoned that "an order subjecting a party to litigation, or the risk thereof, causes only *indirect* harm to the asserted interest of avoiding liability." *Id.* at 1326 (emphasis in original). This is because "[o]rders allowing litigation to go forward do not burden a party's ability to defend against liability; they simply require parties to exercise that ability." *Id.*

The filing of a bankruptcy case creates an estate, distinct from the debtor. 11 U.S.C. § 541(a). Property of that estate includes "all legal or equitable interests of the debtor… as of the commencement of the case." 11 U.S.C. § 541(a)(1). The code allows the bankruptcy trustee to sell property of the estate and distribute the proceeds to the estate's creditors. 11 U.S.C. § 363(b). The benefit to the debtor is

7

that an effective bankruptcy discharge extinguishes his personal liability.  11 U.S.C. §§ 524(a)(1), 727(b); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991).

Here, the district court did not err in determining that Petricca lacked standing under the "person aggrieved" doctrine.  Although the interest Petricca seeks to vindicate—receiving a "fresh start" by avoiding litigation related to assets disposed of in the bankruptcy—is protected or regulated by the Bankruptcy Code, *see Myers v. TooJay's Mgmt. Corp.*, 640 F.3d 1278, 1286 (11th Cir. 2011), he has failed to show that he will be "directly, adversely, and pecuniarily" affected by the disposition of estate property.  *In re Ernie Haire Ford, Inc.*, 764 F.3d at 1325.  Petricca was granted a discharge in 2013, and the Trustee's Final Report in 2016 indicated that he would not be receiving any distributions from the estate.  Thus, it was the *bankruptcy estate's* property interests that were sold, and any future litigation involving those interests would involve the estate, not Petricca, and would be tied to the nature and extent of the estate's ownership.  Thus, Petricca has suffered, at best, *indirect* harm to his interest in avoiding litigation, which is insufficient to satisfy the "person aggrieved" standard.  *Id.* at 1326.  Accordingly, we affirm the district court's dismissal for lack of standing.

**DISMISSED IN PART, AFFIRMED IN PART.**

8