[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14868
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cv-02996-MSS,
Bkcy. No. 8:17-bk-03597-MGW

In re: NIHAN FINANCIAL, LLC,

Debtor.

_____

CHITTRANJAN THAKKAR,

Plaintiff-Appellant,

versus

GOOD GATEWAY, LLC,
SEG GATEWAY, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 9, 2020)

Before WILLIAM PRYOR, Chief Judge, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Chittranjan Thakkar, a member of the debtor, appeals *pro se* the dismissal of his appeal from the approval of a settlement agreement by the bankruptcy court. Thakkar argues that the district court erred in determining that he lacked standing as a "person aggrieved" to appeal the order approving the settlement agreement because he owned equity in the debtor entity. He also argues that the bankruptcy court abused its discretion and denied him due process by denying his request for a continuance to obtain new counsel after his former counsel withdrew and that the bankruptcy court erred in approving the settlement agreement. We affirm.

"To have standing, a plaintiff must show: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003). The injury requirement "serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem." *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1340 (11th Cir. 2014). To determine whether a person has standing to appeal an order of a bankruptcy court, we apply the "person aggrieved" standard. *Atkinson v. Ernie Haire Ford,*

2

*Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1325 (11th Cir. 2014), *cert. denied*, 136 S. Ct. 104 (2015). Under that standard, a person has standing to appeal only when he is "directly, adversely, and pecuniarily affect[ed] by a bankruptcy court's order." *Id.*; *see also Fisher Island Ltd. v. Solby+Westbrae Partners (In re Fisher Island Investments, Inc.)*, 778 F.3d 1172, 1195-96 (11th Cir. 2015). A party is not "aggrieved" when the bankruptcy court's order causes only indirect harm to the party's asserted interest. *See In re Ernie Haire Ford, Inc.*, 764 F.3d at 1326 (holding that former creditor was not a "person aggrieved" because he was merely an adversary defendant with an interest in avoiding liability to the estate).

The district court did not err when it dismissed Thakkar's appeal. Thakkar lacks standing because he was not aggrieved by approval of the settlement agreement. He was not a party to the settlement agreement, and so it did not compromise or affect his rights or liabilities. The approval of the agreement only indirectly affected his pecuniary interest in the debtor, if at all. *See, e.g., In re AFY, Inc.*, 733 F.3d 791, 793 (8th Cir. 2013) (holding that shareholders of debtor were not persons aggrieved entitled to appeal denials of objections to claims). And because Thakkar lacks standing to appeal, we need not address his other arguments.

**AFFIRMED.**

3