[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11068
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-02368-VMC
Bkcy. No. 8:17-bk-03597-MGW

In re: NILHAN FINANCIAL, LLC,

Debtor.
_____

CHITTRANJAN THAKKAR,

Plaintiff-Appellant,

versus

GREENSPOON MARDER, P.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 4, 2021)

Before WILLIAM PRYOR, Chief Judge, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Chittranjan Thakkar, a member of the debtor, Nihan Financial, LLC.,

appeals *pro se* the dismissal of his appeal from an order by the bankruptcy court

approving a claim for attorneys' fees. Thakkar argues that the district court erred in

determining that he lacked standing to appeal the dismissal because he was a

"person aggrieved" as he owned equity in the debtor entity. We affirm.

"To have standing, a plaintiff must show: (1) he has suffered an injury in fact

that is (a) concrete and particularized and (b) actual or imminent, not conjectural or

hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it

is likely, not just merely speculative, that the injury will be redressed by a

favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003). The

injury requirement "serves to distinguish a person with a direct stake in the

outcome of a litigation—even though small—from a person with a mere interest in

the problem." *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1340 (11th Cir. 2014).

To determine whether a person has standing to appeal an order of a bankruptcy

court, we apply the "person aggrieved" standard. *Atkinson v. Ernie Haire Ford,*

*Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1325 (11th Cir. 2014), *cert.*

*denied*, 136 S. Ct. 104 (2015). Under that standard, a person has standing to appeal

only when he is "directly, adversely, and pecuniarily affect[ed] by a bankruptcy

2

court's order." *Id.*; *see also Fisher Island Ltd. v. Solby+Westbrae Partners (In re Fisher Island Investments, Inc.)*, 778 F.3d 1172, 1195-96 (11th Cir. 2015). A party is not "aggrieved" when the bankruptcy court's order causes only indirect harm to the party's asserted interest. *See In re Ernie Haire Ford, Inc.*, 764 F.3d at 1326 (holding that former creditor was not a "person aggrieved" because he was merely an adversary defendant with an interest in avoiding liability to the estate).

The district court did not err when it dismissed Thakkar's appeal. As we recently decided in a related appeal, *Thakkar v. Good Gateway, LLC*, no. 19-14868 (11th Cir. Dec. 9, 2020), Thakkar lacks standing to appeal an order of the bankruptcy court that only indirectly affects his pecuniary interest in the debtor. *See, e.g., In re AFY, Inc.*, 733 F.3d 791, 793 (8th Cir. 2013) (holding that shareholders of debtor were not persons aggrieved entitled to appeal denials of objections to claims). As was true for the settlement agreement that Thakkar sought to challenge in his earlier appeal, the approval of the claim for attorneys' fees only indirectly affected his pecuniary interests, if at all. And because Thakkar lacks standing to appeal, we need not address his other arguments.

**AFFIRMED.**