[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12768
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cv-02369-WFJ

Bkcy. No. 8:17-bk-03597-MGW


In re: NIHAN FINANCIAL, LLC,

                                                                                    Debtor.
_____

CHITTRANJAN THAKKAR,

                                                                         Plaintiff-Appellant,

                                     versus

NEJAME LAW, P.A.,

                                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 11, 2021)

Before WILLIAM PRYOR, Chief Judge JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Chittranjan Thakkar, a member of the debtor, Nihan Financial, LLC, appeals *pro se* the dismissal of his appeal from an order by the bankruptcy court approving a claim for attorneys' fees. Thakkar argues that the district court erred in determining that he lacked standing to appeal the dismissal because he was a "person aggrieved" as he owned equity in the debtor entity. We affirm.

"To have standing, a plaintiff must show: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819–20 (11th Cir. 2003). The injury requirement "serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem." *Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1340 (11th Cir. 2014). To determine whether a person has standing to appeal an order of a bankruptcy court, we apply the "person aggrieved" standard. *Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1325 (11th Cir. 2014), *cert. denied*, 136 S. Ct. 104 (2015). Under that standard, a person has standing to appeal only when he is "directly, adversely, and pecuniarily affect[ed] by a bankruptcy

2

court's order." *Id.*; *see also Fisher Island Ltd. v. Solby+Westbrae Partners (In re Fisher Island Investments, Inc.)*, 778 F.3d 1172, 1195–96 (11th Cir. 2015). A party is not "aggrieved" when the bankruptcy court's order causes only indirect harm to the party's asserted interest. *See In re Ernie Haire Ford, Inc.*, 764 F.3d at 1326 (holding that former creditor was not a "person aggrieved" because he was merely an adversary defendant with an interest in avoiding liability to the estate). In Florida, "[a] member of a limited liability company has no interest in any specific limited liability company property." Fla. Stat. § 605.0110(4).

The district court did not err when it dismissed Thakkar's appeal. As we recently decided in his related appeals, *Thakkar v. Good Gateway, LLC*, No. 19-14868 (11th Cir. Dec. 9, 2020); *Thakkar v. Greenspoon Marder, P.A.*, No. 20-11068 (11th Cir. Jan. 4, 2021), Thakkar lacks standing to appeal an order of the bankruptcy court that only indirectly affects his pecuniary interest in the debtor. As was true in Thakkar's earlier appeals, the approval of the claim of Nejame Law for attorneys' fees only indirectly affected his pecuniary interests, if at all. No guarantee existed that Thakkar would receive any surplus remaining even if Nilhan Financial satisfied its obligations to its creditors. And because Thakkar lacks standing to appeal, we need not address his other arguments.

**AFFIRMED.**