[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13570
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-01122-CEH

Bkcy. No. 8:17-bk-03597-MGW

In re: NILHAN FINANCIAL, LLC,

Debtor.

_____

CHITTRANJAN THAKKAR,

Plaintiff-Appellant,

versus

KING BLACKWELL ZEHNDER & WERMUTH, PA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2021)

Before WILLIAM PRYOR, Chief Judge, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Chittranjan Thakkar, a member of the debtor, Nilhan Financial, LLC, appeals *pro se* an order affirming the decision of the bankruptcy court to approve a claim for attorneys' fees. The district court ruled that the amount of attorneys' fees requested was reasonable and that Nilhan Financial and the other entities being represented were jointly and severally liable for the fees. We vacate the order and remand for the district court to dismiss Thakkar's appeal for lack of standing.

We are obligated *sua sponte* to ensure that we have jurisdiction to entertain an appeal. *Reaves v. Sec'y, Fla. Dep't. of Corr.*, 717 F.3d 886, 905 (11th Cir. 2013). When the district court lacks jurisdiction to consider a case on the merits, we possess jurisdiction to correct the error. *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 (11th Cir. 1999).

The district court lacked jurisdiction to entertain Thakkar's appeal because he lacked standing to challenge the award of attorneys' fees. "To have standing, a plaintiff must show: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819–20 (11th Cir. 2003). As we decided in three related

appeals, *Thakkar v. Good Gateway, LLC*, No. 19-14868 (11th Cir. Dec. 9, 2020); *Thakkar v. Greenspoon Marder, P.A.*, No. 20-11068 (11th Cir. Jan. 4, 2021); *Thakkar v. Nejame Law, P.A.*, No. 20-12768 (11th Cir. Feb. 11, 2021), Thakkar lacks standing to appeal an order of the bankruptcy court that only indirectly affects his pecuniary interest in the debtor. *See Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1325 (11th Cir. 2014). As was true in those appeals, the approval of the claim of King Blackwell Zehnder & Wermuth, PA, for attorneys' fees only indirectly affected Thakkar's pecuniary interests, if at all. *See* Fla. Stat. § 605.0110(4) ("A member of a limited liability company has no interest in any specific limited liability company property."). No guarantee existed that Thakkar would receive any surplus remaining even if Nilhan Financial satisfied its obligations to its creditors. *See* 11 U.S.C. § 726(a). Because Thakkar lacked standing to challenge the decision of the bankruptcy court, it follows that the district court had no jurisdiction to entertain Thakkar's appeal. We vacate the order of affirmance and remand for the district court to dismiss Thakkar's appeal for lack of subject-matter jurisdiction.

**VACATED AND REMANDED.**