[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14206
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cv-01146-MSS
Bkcy No. 8:18-bk-01699-CPM

In re: KHALIL E. ABDO,

                                                                    Debtor,

_____

CHRISTINA PAYLAN,

                                                        Plaintiff - Appellant,

versus

KHALIL ABDO,

                                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2021)

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Christina Paylan, proceeding *pro se*, appeals the district court's order dismissing her appeal challenging the bankruptcy court's grant of debtor Khalil Abdo's motion for voluntary dismissal. Because Paylan is not a "person aggrieved," she lacked standing to appeal the bankruptcy court's order. We therefore affirm the district court's dismissal of her appeal.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In March 2018, debtor Kahlil Abdo filed a voluntary Chapter 11 petition for bankruptcy. Paylan—who had two pending state-court lawsuits against Abdo filed prior to the initiation of the bankruptcy action—was not listed as a creditor in the petition, so she filed a notice of appearance of unlisted creditor, an objection to the proposed plan of reorganization, and a proof of claim indicating that she had other state actions pending against Abdo.

In February 2019, after Abdo reached a settlement with all creditors except Paylan, he moved to dismiss his bankruptcy action under 11 U.S.C. § 1112(b)(1). He argued that his bankruptcy had become a two-party dispute between him and Paylan and that the costs of the various actions in multiple venues had become a substantial drain on him and the bankruptcy estate. For these reasons, the district court granted Abdo's motion to dismiss.

2

Paylan moved for reconsideration of the dismissal, arguing that it was an abuse of discretion to dismiss the action as a live dispute remained between the two parties and that Abdo had made fraudulent representations about his total assets. After holding a hearing on the motion for reconsideration, the bankruptcy court denied the motion. The court reiterated that its resources should not be expended to resolve a two-party dispute and held that Paylan could seek the relief she desired in state court. As for the alleged fraud, the bankruptcy court directed Paylan to report such activity to the proper authorities.

Paylan timely appealed the denial to the district court. At the district court, Abdo filed a motion to dismiss the appeal for lack of standing. The district court granted to the motion to dismiss the appeal, determining that Paylan had not suffered any adverse pecuniary effect from the voluntary dismissal of Abdo's bankruptcy action. The district court found that Paylan's legal rights as a creditor were not impaired because she could continue to litigate against Abdo in state court as she did before he filed his bankruptcy petition. The district court further held that, even if Abdo sought dismissal to prevent the discovery of pre-petition fraudulent transfers, Paylan had no standing to appeal because she "had no legal right to act as a Chapter 7 trustee or a federal prosecutor" to advance such claims. This timely appeal ensued.

II.    STANDARD OF REVIEW

3

We review questions of law decided by the district court, including a determination about whether a person has standing to appeal a bankruptcy court's order, de novo. *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1324 (11th Cir. 2014).

## III.   ANALYSIS

"Due to the nature of bankruptcy proceedings, which 'often involve numerous creditors who are dissatisfied with any compromise that jeopardizes the full payment of their outstanding claims against the bankrupt,'" we have developed special rules to govern the appeal of a bankruptcy court order. *Id.* at 1325–26 (quoting *In re Westwood Cmty. Two Ass'n.*, 293 F.3d 1332, 1334 (11th Cir. 2002)). One such special rule is the "person aggrieved" standard, which we use to determine whether a person has standing to appeal an order of a bankruptcy court. *Id.* at 1326. The "person aggrieved" doctrine is more restrictive than traditional Article III standing, as it allows a person to appeal only when she is "'directly, adversely, and pecuniarily affect[ed]' by a bankruptcy court's order." *Id.* In other words, the person must have a financial stake in the appealed order such that the order "diminishes their property, increases their burdens, or impairs their rights." *Id.* (alteration in original) (quoting *In re Westwood Cmty. Two Ass'n.*, 293 F.3d at 1337–38). That a person had the ability to participate in the bankruptcy proceedings does not automatically grant standing to appeal the bankruptcy court's order. *In re Westwood Cmty. Two Ass'n.*, 293 F.3d at 1336–37.

4

The "person aggrieved" standard was adopted "to ensure that the goals of bankruptcy were not derailed by a flood of appeals." *In re Ernie Haire Ford, Inc.*, 764 F.3d at 1326. A party is not "aggrieved" when the bankruptcy court's order being appealed from causes only indirect harm to the party's asserted interest. *See id.* (holding that a former creditor was not a "person aggrieved" because he was merely an adversary defendant with an interest in avoiding liability to the estate— an interest antithetical to the goals of bankruptcy). Moreover, "for a person to be aggrieved, the interest they seek to vindicate on appeal must be one that is protected or regulated by the Bankruptcy Code." *Id.*

Here, Paylan does not meet the "aggrieved person" standard. She has no direct pecuniary interest in the voluntary dismissal of Abdo's bankruptcy action because her interests were only tangential and not central to the bankruptcy proceeding. Indeed, she admitted to the district court that she wanted to continue in bankruptcy court so that she could "litigate the *collateral* issues of Abdo's fraud." Furthermore, as the district court correctly found, the dismissal of Abdo's bankruptcy action does not affect Paylan's ability to prosecute her original claims against him. In fact, now that the bankruptcy action is dismissed, she is able to prosecute those actions that were stayed while the bankruptcy action was pending. She is now free to continue those other civil actions against Abdo in state court, or even file new ones, and conduct any discovery that she seeks outside the context of

5

the bankruptcy action.  The bankruptcy court's order therefore did not "directly, adversely, or pecuniarily affect" Paylan or her rights, meaning she had no financial stake in the dismissal of Abdo's bankruptcy action.  *See id*.  As such, the district court did not err when it dismissed Paylan's appeal.  We affirm.

## IV.  CONCLUSION

Because Paylan was not "aggrieved" by the bankruptcy court dismissal of Abdo's bankruptcy action, she did not have standing to appeal the order to the district court.  The district court therefore did not err in dismissing her appeal.

**AFFIRMED.**