[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10521

Non-Argument Calendar

_____

In Re: BAY CIRCLE PROPERTY, LLC,

                                                              Debtor.

_____

CHITTRANJAN THAKKAR,

                                                              Plaintiff-Appellant,

*versus*

GOOD GATEWAY, LLC,
SEG GATEWAY, LLC,
CLAY TOWNSEND,

                                                              Defendants-Appellees.

—————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04792-RWS

—————————————

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

The District Court affirmed the Bankruptcy Court's denial of Chittranjan Thakkar's motion for sanctions on the ground that Thakkar lacked standing to prosecute the motion. We agree that Thakkar lacked standing and accordingly affirm.

I.

Since this opinion is not published, we write solely for the benefit of the courts below and the parties.[1] The salient facts are

---

[1] We note in passing that Thakkar has been before this Court on three separate occasions. *See In re Nilhan Fin., LLC*, 835 F. App'x 1013 (11th Cir. 2021) (unpublished) (concluding that Thakkar lacked standing because the order he appealed from only indirectly affected his pecuniary interest in the debtor, if at all); *In re Nilhan Fin., LLC*, 832 F. App'x 678 (11th Cir. 2021) (unpublished) (dismissing Thakkar's appeal because the Bankruptcy Court order indirectly affected his pecuniary interest in the debtor); *In re Nilhan Fin., LLC*, 831 F. App'x 479 (11th Cir. 2020) (unpublished) (dismissing Thakkar's appeal because his pecuniary interest was indirectly affected by the approval of a settlement agreement). Each appeal was related, albeit indirectly, to the controversy providing the background of this appeal.

these.  Chittranjan K. Thakkar is the manager and member of five limited liability companies that are in bankruptcy in the Northern District of Georgia pursuant to petitions for relief he filed on May 4, 2015, on the LLCs' behalf under Chapter 11 of the Bankruptcy Code.[2]  *See* 11 U.S.C. § 301.  By statute, the Chapter 11 filing triggered an automatic stay preventing creditors from, *inter alia*, taking any action to "create, perfect, or enforce any lien against" property of the Debtors' estate.  *See* 11 U.S.C. § 362(a)(4).

Several years before Thakkar filed the petitions, Good Gateway, LLC ("Gateway") obtained judgments in the Circuit Court of Orange County, Florida, in the amount of $2.5 million, $12 million, and $15.3 million against Thakkar and Nilhan Developers, LLC ("Nilhan"), the debtor in one of the Chapter 11 cases pending in the Northern District of Georgia.  Unable to obtain satisfaction of the judgments against Thakkar, Gateway on February 2, 2019, moved the Circuit Court for a charging order[3] against Thakkar's interest

---

[2] Thakkar also filed Chapter 11 petitions on behalf of four other limited liability companies he controlled.  None of these companies is involved in this appeal.

[3] A charging order is a remedy under provided by Florida law, citation, that entitles a judgment creditor of an LLC to pursue the LLC member's interest— that is, his share of the LLC's profits and losses—and to receive distributions of an LLC which the member would have been entitled to receive up to the amount of the unsatisfied judgment debt.  *See Capstone Bank v. Perry-Clifton Enterprises, LLC*, 230 So.3d 970, 971 (Fla. Ct. App. 2017).  A charging order does not provide the judgment creditor a direct remedy against the assets of the LLC.  As indicated in the text *infra,* Thakkar contended that Gateway

in Nilhan, which would enable it to obtain any proceeds Thakkar might be entitled to receive as a member of the LLC.  On July 22, 2019, Gateway filed a notice stating that the Circuit Court would hear its motion for a charging order on September 18, 2019.

On September 6, 2019, the United States Bankruptcy Court for the Northern District of Georgia issued an order directing Thakkar and Gateway to mediate (before a bankruptcy judge not assigned to the case) the merits of Gateway's motion for a charging order ("Mediation Order").  On September 18, 2019—less than two weeks after the Mediation Order was granted—the Circuit Court held a hearing on Gateway's motion for the charging order and subsequently granted the motion.  Thakkar then moved for sanctions against Gateway in Bankruptcy Court pursuant to 11 U.S.C. § 362(k), arguing that Gateway violated the automatic stay and Mediation Order by obtaining the charging order, but the Bankruptcy Court denied Thakkar's motion on September 30, 2019.

On November 8, 2019, Thakkar moved the Bankruptcy Court to hold a hearing on his motion for sanctions against Gateway.  The Bankruptcy Court granted Thakkar's motion and held an evidentiary hearing on Thakkar's motion for sanctions on October 27, 2020.  On November 9, 2020, the Bankruptcy Court denied Thakkar's motion for sanctions.  The Bankruptcy Court explained that because Thakkar was not the Debtor, Nilhan, a creditor, or an

violated the automatic stay when it moved the Circuit Court for a charging order and moved the Bankruptcy Court to sanction Gateway for the violation.

22-10521              Opinion of the Court                    5

equity owner of the Debtor, he was not an aggrieved party entitled to seek relief under 11 U.S.C. § 362(k) and therefore lacked standing to assert a claim against Gateway for violating the automatic stay or the Mediation Order.  The Court also reasoned that Thakkar's alleged grievance—that he incurred fees as a result of the charging orders—did not fall within the zone of interests the automatic stay was designed to protect.

Thakkar appealed the Bankruptcy Court's decision to the District Court.  The District Court agreed with the Bankruptcy Court that Thakkar lacked standing and dismissed Thakkar's appeal for lack of subject-matter jurisdiction to seek relief under § 362(k) of the Bankruptcy Code.  He now appeals the District Court's decision to this Court.  For the reasons that follow, we affirm.

II.

We will review both the bankruptcy court's and District Court's conclusions of law *de novo* and the bankruptcy court's findings of fact for clear error.  *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990).

Article III standing "represents a jurisdictional requirement which remains open to review at all stages of the litigation." *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255, 114 S. Ct. 798, 802 (1994).  Pursuant to Article III, our jurisdiction is limited to "cases" and "controversies." *Christian Coalition of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (internal

6                  Opinion of the Court                  22-10521

quotation marks omitted).  Standing is an important justiciability doctrine that goes to the heart of Article III's cases or controversies requirement.  *Id.*  "To have standing, a plaintiff must show: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819–20 (11th Cir. 2003).

To determine whether a person has standing to appeal an order of a bankruptcy court, we apply the "person aggrieved" standard.  *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1325 (11th Cir. 2014).  The "person aggrieved" doctrine limits the right to appeal a bankruptcy court order to "those parties having a direct and substantial interest in the question being appealed." *Id.* (internal quotation marks omitted).  Under the doctrine, a person has standing to appeal only when he is "directly, adversely, and pecuniarily affect[ed] by a bankruptcy court's order." *Id.* In other words, the person must have a financial stake in the appealed order such that the order "diminishes their property, increases their burdens, or impairs their rights." *Id.* (internal quotation marks omitted).  The person does not have standing to appeal the bankruptcy court's order simply by virtue of participating in bankruptcy proceedings. *Westwood Cmty. Two Ass'n, Inc. v. Barbee (In re Westwood Cmty. Two Ass'n, Inc.)*, 293 F.3d 1332, 1336–37 (11th Cir. 2002).

A party is not "aggrieved" under the doctrine when the bankruptcy court's order being appealed causes only indirect harm to the party's asserted interest. *See In re Ernie Haire Ford, Inc.*, 764 F.3d at 1325–26 (holding that a party is not aggrieved when the only interest allegedly harmed by a bankruptcy court's order is the party's interest in avoiding liability from an adversary proceeding). Moreover, "for a person to be aggrieved, the interest they seek to vindicate on appeal must be one that is protected or regulated by the Bankruptcy Code." *Id.*

Nilhan was organized under Georgia law. Under Georgia law, a member has no interest in specific limited liability company property. O.C.G.A. § 14-11-501(a).[4] In a Chapter 11 bankruptcy proceeding, the distribution of any surplus funds back to the debtor occurs only after all other claims against the estate are satisfied. *See* 11 U.S.C. § 726(a).

## III.

We need not reach the merits of this case because Thakkar lacks standing to challenge the bankruptcy court's order.

---

[4] The text of the statute reads:

> (a) A limited liability company interest is personal property. A member has no interest in specific limited liability company property.

> (b) An operating agreement or the articles of organization may provide that a limited liability company interest may be evidenced by a certificate issued by the limited liability company.

O.C.G.A. § 14-11-501.

Assuming, *arguendo*, that Thakkar is a member and manager of Nilhan, because he was not a party to the bankruptcy proceedings involving Nilhan, he had at most an indirect interest in the bankruptcy court's order denying his motion for sanctions. *See In re Ernie Haire Ford, Inc.*, 764 F.3d at 1326. Thakkar's interest as a member of Nilhan did not equate to an ownership interest in the property of Nilhan under state law, nor did his ability to participate in the bankruptcy proceedings give him standing to appeal the bankruptcy court's order. *See* O.C.G.A. § 14-11-501(a); Fla. Stat. § 605.0110(4); *In re Westwood Cmty. Two Ass'n, Inc.*, 293 F.3d at 1336–37. Although Thakkar may have incurred expenses in challenging the charging order on behalf of Nilhan, he did not have a "direct and substantial interest in the question being appealed from"— whether the charging order violated the automatic stay or the Mediation Order—particularly because responsibility for managing Nilhan's estate had passed to the trustee the Bankruptcy Court appointed to handle Nilhan's estate. *See In re Ernie Haire Ford, Inc.*, 764 F.3d at 1325. Because no guarantee existed that Thakkar would receive any surplus remaining even if Nilhan satisfied its obligations to its creditors, his status as an equity holder in Nilhan Developers did not convert his interest in the Bankruptcy Court's order denying his motion from an indirect interest to a direct interest. *See id.* at 1326; 11 U.S.C. § 726(a). Even though Thakkar asserted his own individual claim for sanctions, "a party is not aggrieved, for purposes of appealing from a bankruptcy court order, when the only interest allegedly harmed by that order is the[ir]

interest in avoiding liability from an adversary proceeding." *See In re Ernie Haire Ford, Inc.*, 764 F.3d at 1326.

Here, the District Court correctly determined that Thakkar did not constitute a "person aggrieved" by the Bankruptcy Court order denying his motion for sanctions and thus lacked standing to appeal that. Accordingly, we affirm.

**AFFIRMED.**