[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13408

Non-Argument Calendar

_____

In re: GREGORY BRIAN MYERS

Debtor.

_____

GREGORY BRIAN MYERS,

Plaintiff-Appellant,

*versus*

U.S. BANK N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:22-cv-00478-JES,
Bkcy No. 2:21-bk-00123-FMD

————————————

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Upon review of the record and the response to the jurisdictional questions, this appeal is DISMISSED for lack of standing.

Gregory Myers filed a voluntary petition for bankruptcy under Chapter 13 in January 2021. U.S. Bank NA ("U.S. Bank") filed a proof of claim ("Claim 5"), and Myers objected to Claim 5 as untimely and because he asserted that he was not liable for the underlying debt. U.S. Bank also filed a motion seeking, among other things, relief from the automatic stay. In orders entered on March 8, 2022, the bankruptcy court overruled Myers's objection to Claim 5 as moot, concluding that U.S. Bank would take nothing under the bankruptcy plan, and granted U.S. Bank's motion for relief from stay only to the extent that it terminated the automatic stay as to U.S. Bank's interest in a Maryland property. Myers moved for reconsideration of both orders, and the bankruptcy court denied both motions in orders entered on July 7 and 8, 2022. Myers appealed the reconsideration orders to the district court. On appeal, he withdrew his appeal of the order denying his motion for reconsideration concerning stay relief. The district court affirmed, Myers

moved for reconsideration, and the district court denied his motion.  Myers appealed to this Court.

We dismiss the appeal because Myers lacks both appellate and person-aggrieved standing.  Myers voluntarily withdrew his appeal of the bankruptcy court order concerning stay relief, so he was not aggrieved by the district court's order concluding that he had done so.  *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (providing that we only have jurisdiction over appeals where the appellant has appellate standing and that only a litigant aggrieved by an order may appeal).  Furthermore, Myers is, in substance, the prevailing party as to the litigation concerning Claim 5 because the bankruptcy court concluded that U.S. Bank would take nothing under the bankruptcy plan and denied Myers's objection to Claim 5 as moot.  *See Agripost, Inc. v. Miami-Dade Cnty. ex rel. Manager*, 195 F.3d 1225, 1230 (11th Cir. 1999) (providing that a prevailing party generally lacks standing to appeal because the appealed order did not injure him).  Furthermore, Myers lacks prudential standing under the more demanding but non-jurisdictional person-aggrieved doctrine, which U.S. Bank raised in response to our jurisdictional questions.  *See Thakkar v. Bay Point Cap. Partners, LP (In re Bay Circle Props.)*, 955 F.3d 874, 879 (11th Cir. 2020).  Myers has no financial stake in the denial of his objection to Claim 5 as moot given the bankruptcy court's conclusion that U.S. Bank would take nothing under the plan.  *Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.)*, 764 F.3d 1321, 1325-26 (11th Cir. 2014) (explaining that a person has standing to appeal a bankruptcy court order only if he has a financial stake in the appealed order and

is directly affected by the order because it diminishes his property, increases his burdens, or impairs his rights).  To the extent that Myers asserts that the bankruptcy court should have reached the merits of his objection to resolve the issue in future proceedings, an order requiring further litigation does not directly harm litigants so as to satisfy the person-aggrieved doctrine.  *See id.*